# COURT OF COMMON PLEAS OF BALTIMORE CITY.

Filed February 26, 1902.

LOUISA C. E. BERRY ET AL.
VS.
SAFE DEPOSIT AND TRUST COMPANY OF BALTIMORE, EXECUTOR OF GEO. R. BERRY.

Thomas R. Clendenin and William S. Bryan, Jr., for the plaintiffs.

William Pinkney Whyte, Edgar H. Gans and Charles E. Hill for the defendant.

HARLAN, J.—

The caveators in this case having called Dr. Charles G. Hill as an expert alienist, have asked him the following question: "Doctor, state the testimony of what witnesses you have read or heard delivered in this case?" With the purpose of asking him further questions tending to elicit his expert opinion upon the question of the testamentary capacity of George R. Berry at the time of the making of the will of the 10th of February, 1899.

The caveatee objects to this question, and asks the court: First, to strike out all the testimony which has heretofore been admitted, subject to exception; secondly, to rule that there is no evidence in the case legally sufficient to be submitted to the jury upon the two issues which are now before them; and thirdly, this being so, there is no hypothesis of fact which can be submitted to the alienist as the basis of a rational opinion as to the testator's capacity. and that, therefore, the court should sustain the objection to the question which has been asked, and to any other questions to be asked which are intended to elicit Dr. Hill's opinion.

The motion to strike out the testimony which has been admitted subject to exception will be granted in part, and overruled in part. I will indicate hereafter, on the motion which has been submitted in writing, the parts which are granted and those that are overruled. It is sufficient to say here that I shall not strike out any instances which have any tendency to show any forgetfulness on Mr. Berry's part of any, even the slightest evidence of mental weakness. But all the instances which were offered subject to exception, for the purpose of proving that something that was said by him was a delusion, will be stricken out.

I am also of opinion that upon the case made by the caveators the jury could not, in the exercise of reasonable intelligence, find the issues in favor of the caveators.

I am also of opinion that where the court is of opinion there is no evidence

that would rationally justify a verdict against testamentary capacity, it would be error, under the rulings made in the Berry will case by the Court of Appeals, and which I feel bound to follow, to allow experts to express an opinion upon this subject.

The court, therefore, sustains the objection to the question asked Dr. Hill.